IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00508-CMA-MEH

DAVID SHU,

    Plaintiff,

v.

WORTH GROUP ARCHITECTS,

    Defendant.

## ORDER ON MOTION TO AMEND

Before the Court is Defendant's Motion for Leave to Amend Answer [docket #33]. The matter is briefed,[1] and oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**A.**    **Background**

Defendant seeks to add the additional defense of resume fraud and after-acquired evidence to its answer. The deadline for amendment of pleadings in this matter was June 8, 2009. However, Defendant claims that, after obtaining new counsel on June 9, 2009, counsel conducted an examination of the record and researched the Plaintiff's background following interviews with Defendant's agents regarding discrepancies in the Plaintiff's academic and professional credentials. Within days, Defendant received information from the background check that gives rise to the defense Defendant now seeks to add. Defendant filed its motion on June 23, 2009 certifying that Plaintiff opposed the relief sought by Defendant. Pursuant to D.C. Colo. LCivR 7.1C, Plaintiff was

---

[1] Although Defendant certified that Plaintiff opposed the relief sought in the motion, the Plaintiff failed to respond within the time set forth in D.C. Colo. LCivR 7.1C. The Court notes that Plaintiff's current counsel entered his appearance in this case one day after the motion was filed.

required to file a response on or before June 13, 2009; however, no response was filed.

**B.     Analysis**

Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its pleading only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371

U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

One Magistrate Judge in this District has held that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001). In this case, the circumstances surrounding Defendant's discovery of a new legal theory based on the existing facts underlying the Motion to Amend do not support a finding of lack of diligence. The new legal theory was learned quickly and early in the discovery period (before depositions have been scheduled). Given all of the factors discussed above, the Court finds good cause for the timing of Defendant's Motion to Amend beyond the date set forth in the Scheduling Order.

Further, the Court believes that the proposed amendment is appropriate here. The defense itself is commonly raised in employment cases. The Court perceives no undue burden or prejudice upon the Plaintiff and there is no futility in raising the defense at this stage of the litigation. Therefore, the Court finds that Defendant has established good cause for amending its Answer.

**III.   Conclusion**

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Defendant's Motion for Leave to Amend Answer [filed June 23, 2009; docket #33] is **granted**, and the Clerk of the Court is directed to file the proposed Amended Answer to Verified Complaint and Jury Demand, found at docket #33-2.

Dated at Denver, Colorado, this 16th day of July, 2009.

                        BY THE COURT:

                        s/ Michael E. Hegarty
                        Michael E. Hegarty
                        United States Magistrate Judge